

Eldridge, Nachtman and Crandell, LLC
217 North Charles Street, 3rd Floor
Baltimore, MD 21201

443-559-4384
www.enlawyers.com

September 13, 2022

<u>*By PACER*</u>
The Honorable Richard D. Bennett
United States District Court for the Northern District of Maryland

   RE: *United States v. Tyree Ishway*
      <u>Criminal Case No. 0416 1:121CR00289-001</u>

Dear Judge Bennett,

  I write to you on behalf of my client, Mr. Tyree Ishway, who is to be sentenced on September 22, 2022 at 2:30 p.m. Mr. Ishway pleaded guilty to Count One: Possession of a Firearm and Ammunition by a Prohibited Person in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2).  Mr. Ishway signed a plea agreement which allows for the parties to advocate for an agreed upon sentence of 32 months.   In anticipation of this month's sentencing hearing, I wanted to provide the Court with some information about Mr. Ishway in hopes that the Court will accept the recommended sentence.

**<u>Personal History</u>**

  Mr. Ishway was born on May 11, 1986 in Baltimore, Maryland to Jacqueline Howell-Coleman and Tyree Ishway. Mr. Ishway's parents have never been married and Mr. Ishway was raised in his mother's home with his three siblings and one maternal half-brother, Jamal McDaniel. Mr. Ishway's father was present in his childhood and did help provide for him. Mr. Ishway also has two paternal half-siblings, Tyra and Tyriuz Ishway.  The Howell-Coleman's immediate family and the Ishway's immediate family largely reside throughout the Maryland area with strong ties to Annapolis, Baltimore and Columbia. Mr. Ishway has a strong relationship with both his mother and father, and in fact moved in with his mother prior to his incarceration in order to assist her with ongoing health issues. Mr. Ishway's mother describes him as "always taking care of everybody" and expressed that he stepped up to the plate and took care of her when her health concerns began shortly after losing her father and husband right after one another. (*See* Ex. 1). Mr. Ishway's father and him have always been close. His father was previously appointed as his third-party custody by the Court on August 16, 2021. When released, his father will provide employment at his flooring company and housing as well. Moreover, his father will address the court at sentencing.

  Mr. Ishway describes his childhood as wonderful, and notes that he remembers attending family events often and playing on football and basketball teams. He expresses that he feels like he was raised in a loving and supportive home where all of his basic needs were met. He graduated from Northwestern High School in Baltimore, Maryland in 2005 and subsequently graduated from a HRVAC program at North American Trade School in Windsor Mill, Maryland in 2010.



Eldridge, Nachtman and Crandell, LLC
217 North Charles Street, 3rd Floor
Baltimore, MD 21201

443-559-4384
www.enlawyers.com

Mr. Ishway obtained gainful employment in the Spring of 2018 at Baltimore Flooring Supply, Inc., in Timonium, Maryland. Due to the COVID-19 Pandemic, Mr. Ishway became unemployed in the Winter of 2020 and remained unemployed until the time of his arrest. Mr. Ishway made some very poor and unlawful decisions during this time period but has an amazing support system and stable employment to ensure that upon release he is not a recidivist.

Mr. Ishway has two children, Tyrei Ishway (age 12) and Ayden Ishway (age 9). Tyrei currently lives with her mother, Brittany Jones, in Annapolis, Maryland. Ayden currently lives with his mother, Dimirra Jones, in Owings Mills, Maryland. Prior to being incarcerated, Mr. Ishway was an active father both emotionally, physically and financially. He makes an effort to continue to be there emotionally and communicate as much as he can while incarcerated. These sentiments are echoed strongly by both the mother of his daughter and mother of his son. Ms. Dimirra Jones describes Mr. Ishway as a father who never "missed a game, a practice, or even a uniform fitting." (*See* Ex. 3). She notes that Mr. Ishway was always involved with driving Ayden to school, PTO, helping with homework, and has even stepped up to help Ms. Jones herself when faced with difficult situations. *Id*. Ms. Brittany Jones describes the relationship between Mr. Ishway and Tyrei as "the best daughter and father bond ever." (*See* Ex. 4). She also expresses that Mr. Ishway has never missed anything in Tyrei's life. Both mothers have indicated that Ayden and Tyrei are struggling greatly with the absence of their father and are suffering with school and emotions. *Id*. Tyrei even wrote a letter speaking to the impact her father's incarceration has had on the family, and her specifically. (*See* Ex. 5).

Apart from his prominent role in the family, Mr. Ishway has also volunteered in the community. Jessica Greene-Morgan, a Minister at Mr. Ishway's church, notes Mr. Ishway's desire to engage the youth at the church more and continue his volunteer work with the youth football program. (*See* Ex. 6). The Pastor of his church, Pastor Duane Simmons of Simmons Memorial Baptist Church reflects on Mr. Ishway's precarious choices and their consequences but asks for leniency and he believes Mr. Ishway can be of value at the church and beyond. (*See* Ex. 7). Other church members, family and friends offer similar sentiments regarding Mr. Ishway's kind disposition and belief that he can change his decisions for the better. (*See* Ex. 8: letter from Ivory Martin, Ex. 9: letter from Minister Veronica Howell, Ex. 10 letter from Tavon Morgan, Ex. 11: letter from Amber Lee, Ex. 12: letter from Traquita Ishway).

Even while incarcerated, Mr. Ishway has used this time wisely. Mr. Ishway enrolled and completed a "Substance Abuse Education" program on March 28, 2022 (*See* Ex. 13) and a "Healthy Coping Skills" program on March 29, 2022 (*See* Ex. 14). Completion of these programs show that Mr. Ishway is committed to making better choices and being productive once released.

**<u>Criminal History</u>**

The Presentence Investigation Report classifies Mr. Ishway as a criminal history category II, with a score of four. Mr. Ishway's last conviction was over ten years ago on August 5, 2011. Mr. Ishway has only the 2011 conviction with three prior probations before judgments stemming from 2007 and 2008



Eldridge, Nachtman and Crandell, LLC
217 North Charles Street, 3rd Floor
Baltimore, MD 21201

443-559-4384
www.enlawyers.com

offenses.[1] With his criminal history category and a base offense level of 17, a guideline range of 27-33 months is calculated, thus the recommended sentence of 32 months, which the PSR author approves, appears reasonable to foster deterrence of future conduct.

**Nature and Circumstances of the Offense**

Mr. Ishway accepts full responsibility for his actions in this indictment. He accepted responsibility at the time of arrest, and promptly after his initial appearance before the Court. Mr. Ishway made some incredibly poor decisions during the pandemic after losing employment, but also has a support system that when released, will allow him to be a thriving member of our community.

**Imposition of Sentence According to the Federal Sentencing Guidelines**

The impact that the COVID-19 pandemic has had on correction facilities and the inmates incarcerated in these facilities constitutes a mitigating circumstance not taken into consideration when sentencing guidelines were originally formulated and therefore warrants individualized sentences, varying downward from the original guidelines.

18 USCS § 3553 (a) defines the factors to be considered by the Federal Courts when imposing a sentence and includes such factors as the nature and circumstance of the offense, history of the defendant, the need for the sentence, the sentencing ranges established, and more.

18 USCS § 3553 (b)(1) provides some guidance for the application of the sentencing guidelines when imposing a sentence and states, in pertinent part:

> "Except as provided in paragraph (2), the court shall impose a sentence of the kind, and within the range, referred to in subsection (a)(4) unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described."

28 USCS § 991 (b)(1)(B) states that the purpose of the United Stated Sentencing Commission is to:

> "provide certainty and fairness in meeting the purposes of sentencing, avoiding unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar criminal conduct while maintaining sufficient flexibility to permit individualized sentences when warranted by mitigating or aggravating factors not taken into account in the establishment of general sentencing practices …"

This reference to taking into account mitigating or aggravating circumstances not initially considered in the making of the guidelines that warrant individualized sentences found in both sections shows the importance of the individualized sentence when certain circumstances, such as the

---

[1] Mr. Ishway was granted a probation before judgment in Case No. EN82957 for driving without a license in Baltimore County, Maryland in 2007; probation before judgment in Case No. 108311011 for Unlawful Possession of CDS in Baltimore City, Maryland in 2008; and probation before judgment in Case No. 809055012 for Unlawful Possession of CDS in Baltimore City in 2009.



Eldridge, Nachtman and Crandell, LLC
217 North Charles Street, 3rd Floor
Baltimore, MD 21201

443-559-4384
www.enlawyers.com

unprecedented circumstances of the COVID-19 pandemic, are occurring that were not considered when creating the sentencing guidelines. Because the factors taken into consideration under § 3553 (a) do not include unprecedented or extraordinary circumstances such as those being experienced due to the COVID-19 pandemic, § 3553 (b)(1) becomes even more important.

Due to the fact that there was no way the circumstances surrounding the COVID-19 pandemic could have been considered when originally creating sentencing guidelines, the current circumstances should be considered a mitigating factor not taken into account when creating the guidelines and therefore warrant individualized sentences, differing from the guidelines, taking into consideration the effect of the COVID-19 pandemic. We are simply asking that due to the pandemic related issues with locations of confinement, that this be taken into consideration in fashioning a reasonable sentence for Mr. Ishway.

**Conclusion**

Mr. Ishway respectfully submits that a sentence of 32 months is an appropriate sentence for this particular offense.  He acknowledges that he made a series of grave and poor decisions that will affect him and his family for the rest of his life.  However, Mr. Ishway is not a violent or dangerous person. He is not someone who the public must be protected from by way of a prison sentence.  He promptly accepted responsibility and has not done anything to obstruct or impede the administration of justice.  Mr. Ishway looks forward to facing his consequences, closing this chapter of his life, and to return to being a gainfully employed member of society who cares for and supports his children.

Mr. Ishway will stand before the court on September 22nd, 2022 and accept responsibility for his actions.  He will also be supported by his family who will be called upon to speak to his character, especially his father.  Mr. Ishways's actions in the crime laid out in this indictment are not an accurate portrayal of who he is as a person.

Mr. Ishway offers this information not as an excuse, but simply as an explanation for his behavior.  The Defense respectfully submits to the Court that the proposed sentence of 32 months is the appropriate disposition in this case and is sufficient but no longer than necessary to further the sentencing goals of § 3553(a).  We appreciate the Court's time and patience in reading this letter.

Very truly yours,

By:      /s/ *Jeremy Eldridge*
              Jeremy

Enc.

CC:  AUSA Lindsey McCulley (by electronic mail)